UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-CR-00886 |
| v. | ) | |
| | ) | Honorable Ronald A. Guzman |
| KEVIN TRUDEAU, | ) | |
| Defendant. | ) | |

**KEVIN TRUDEAU'S MOTION FOR DISMISSAL
UNDER THE DOUBLE JEOPARDY CLAUSE**

Defendant Kevin Trudeau respectfully moves this Court for an order dismissing this case under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. In further support of this Motion, Mr. Trudeau submits the accompanying Memorandum of Law in Support and states as follows:

1. In September 2004, Mr. Trudeau settled a lawsuit with the Federal Trade Commission ("FTC") without admitting any liability or fault by entering into a Stipulated Order. The Stipulated Order provided that Mr. Trudeau would appear in infomercials only for books and other publications and that the infomercials should not "misrepresent the content" of the publication being promoted.

2. In September 2007, the FTC filed a motion before Judge Gettleman seeking to have Mr. Trudeau held in civil contempt of a 2004 Stipulated Order. Mr. Trudeau was accused of violating the Stipulated Order by misrepresenting the content of a book he had authored, *The Weight Loss Cure "They" Don't Want You to Know About* (the "*Weight Loss* book"), in television infomercials. After an evidentiary hearing in July 2008, Judge Gettleman entered a

1

judgment of $37.6 million against Mr. Trudeau and banned Mr. Trudeau from appearing in infomercials for three years, all as a putative remedy for civil contempt.

3. In August 2009, the Seventh Circuit vacated both the $37.6 million judgment and the ban on Mr. Trudeau's appearance in infomercials, and remanded the case for further proceedings. *FTC v. Trudeau,* 579 F.3d 754 (7th Cir. 2009).

4. On remand, the FTC filed a renewed motion for monetary remedy and filed a motion to modify the 2004 Stipulated Order to include a permanent injunction effectively banning Mr. Trudeau from producing and appearing in infomercials. (Case No. 03 C 3904, Docket Entries 267, 269.)

5. On April 16, 2010, Judge Gettleman entered a judgment re-imposing the $37.6 million fine and granting the injunctive relief the FTC had requested. In addition to re-imposing the $37.6 judgment and imposing a permanent injunction that effectively prohibits Mr. Trudeau from promoting his books via infomercials, Judge Gettleman entered an order that Mr. Trudeau show cause "why he should not be prosecuted for and held in criminal contempt of this Court's 9/2/2004 Consent Order." (Minute Order, Case No. 03 C 3904, Docket Entry 338.) The order further stated that "this court will consider imposing a term of imprisonment not to exceed six months for defendant's producing and broadcasting deceptive infomercials . . . in direct and willful violation of this court's order of September 2, 2004." (Order, Case No. 03 C 3904, Docket Entry 339 ("Order to Show Cause") at 1.)

6. This case should be dismissed because it puts Mr. Trudeau in double jeopardy. "The Double Jeopardy Clause of the Fifth Amendment … provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Brown v. Ohio,* 432 U.S. 161, 164 (1977). Under the Double Jeopardy Clause, "courts may not impose more than

one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." *Id.* at 165. A monetary contempt sanction is "criminal" where it is not compensatory and there is no opportunity to purge. *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 829 (1994).

7. Mr. Trudeau has already been subjected to a "remedy" that is tantamount to a criminal fine, because the $37.6 million judgment bears no relationship to any actual consumer loss. A compensatory award in a civil contempt case requires "evidence of complainant's *actual loss*[.]" *United States v. United Mine Workers of Am.,* 330 U.S. 258, 304 (1947) (emphasis added). Indeed, there has been no evidence presented in this case of actual customer injury or loss.

8. In addition, Mr. Trudeau can be held liable only for equitable restitution, that is, only for the percentage of revenue that he actually received. Money collected and retained by some "middleman" cannot be collected from the defendant. *See FTC v. Verity Int'l Ltd.*, 443 F.3d 48, 68 (2d Cir. 2006). Here, it was and is undisputed that Mr. Trudeau received at most about $1 million that could arguably be attributed to infomercial sales of the *Weight Loss* book. The remainder of the revenue was collected and retained by "middleman" ITV, the company that owned and distributed the *Weight Loss* book infomercials.

9. As a result, Mr. Trudeau has already been subjected to criminal sanctions, and the prosecution of this criminal action seeking to incarcerate Mr. Trudeau violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

WHEREFORE, Mr. Trudeau respectfully requests that the Court grant his Motion for Dismissal Under the Double Jeopardy Clause.

    Respectfully submitted,

    KEVIN TRUDEAU

By:   /s/ Kimball R. Anderson
      One of His Attorneys

Kimball R. Anderson (kanderson@winston.com)
Thomas L. Kirsch II (tkirsch@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
312-558-5600

Daniel J. Hurtado (dhurtado2@att.net)
Law Office of Daniel J. Hurtado
841 North Grove Avenue
Oak Park, Illinois 60302
708-289-2503

**CERTIFICATE OF SERVICE**

      I, Kimball R. Anderson, an attorney, hereby certify that on June 6, 2011, I caused to be served true copies of Kevin Trudeau's Motion for Dismissal Under the Double Jeopardy Clause by filing such document through the Court's Electronic Case Filing System, which will send notification of such filing to:

Marc Krickbaum
United States Attorney's Office
219 South Dearborn Street
Suite 500
Chicago, IL  60604

                                            /s/ Kimball R. Anderson
                                            Kimball R. Anderson