UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    Plaintiff,  )<br>　　　　　　　　　　　　　　　 )<br>v.  )<br>　　　　　　　　　　　　　　　 )<br>KEVIN TRUDEAU,  )<br>    Defendant.  )  | Case No. 10-CR-00886<br><br>Honorable Ronald A. Guzman |

### KEVIN TRUDEAU'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR DISMISSAL UNDER THE DOUBLE JEOPARDY CLAUSE

Defendant Kevin Trudeau ("Trudeau") submits this Memorandum of Law in support of his motion for dismissal of this matter under the Double Jeopardy Clause.

### INTRODUCTION

United States District Judge Robert Gettleman has already imposed on Trudeau what amounts to a $37.6 million criminal penalty in this case. That penalty was imposed without any showing that even a single dollar of it was required to compensate any injured party, or that anything more than a very small percentage of it went into Trudeau's pockets. Accordingly, to now prosecute Trudeau with the purpose of incarcerating him for the very same conduct places him in double jeopardy for the same alleged offense, in violation of the Fifth Amendment to the United States Constitution. This case, therefore, should be dismissed.

### FACTS

We incorporate herein by reference the statement of facts in Trudeau's Memorandum of Law in Support of his Motion for Dismissal Pursuant to the Speedy Trial Act, and further state as follows.

This matter initially began in September 2007, when the Federal Trade Commission ("FTC") filed a motion before Judge Gettleman seeking to have Trudeau held in civil contempt

1

of a 2004 Stipulated Order. Trudeau was accused of violating the Stipulated Order by misrepresenting the content of a book he had authored, *The Weight Loss Cure "They" Don't Want You to Know About* (the "*Weight Loss* book"), in television infomercials. After an evidentiary hearing in July 2008, Judge Gettleman entered a judgment of $37.6 million against Trudeau and banned Trudeau from appearing in infomercials for three years, all as a putative remedy for civil contempt. The $37.6 million supposedly reflected the net revenue received from sales of the *Weight Loss* book by the third party (ITV Global, Inc., or "ITV") for whom Trudeau had appeared in the infomercials.

In August 2009, the Seventh Circuit vacated both the $37.6 million judgment and the ban on Trudeau's appearance in infomercials, and remanded the case for further proceedings. *FTC v. Trudeau*, 579 F.3d 754 (7th Cir. 2009). In so doing, the Seventh Circuit directed Judge Gettleman to address "the method [he] used to calculate the [$37.6 million] award, why the court chose that method, and how the evidence of record supports the figures plugged into that method." *Id.* at 771. Lacking those "key ingredients," the contempt order would have constituted a criminal penalty–that is, a "flat, unconditional fine"–impermissibly imposed without the prerequisite of a criminal trial. *Id*. at 769-70.

On remand, the FTC filed a renewed motion for monetary remedy (now asking for even more than $37.6 million) and filed a motion to modify the 2004 Stipulated Order to include a permanent injunction effectively banning Trudeau from producing and appearing in infomercials. (Case No. 03 C 3904, Docket Entries. 267, 269.)

On April 16, 2010, Judge Gettleman entered a judgment re-imposing the $37.6 million fine and granting the injunctive relief the FTC had requested. The accompanying Memorandum Opinion and Order pointed to a documentary exhibit and deposition testimony that purportedly

supported a conclusion that the net revenue from infomercial sales of the *Weight Loss* book was $37.6 million. (Mem. Op., Case No. 03 C 3904, Docket Entry 335 at 8.)[1] However, it was undisputed that Trudeau had received from third party ITV no more than about $1 million that could arguably be deemed a part of the $37.6 million that ITV had received from sales of the *Weight Loss* book. (*Id.* at 9, n.8; Ex. A, FTC Ex. 23 from Civil Contempt Proceeding.) The Memorandum Opinion rejected Trudeau's argument under *FTC v. Verity Int'l Ltd,* 443 F.3d 48 (2d Cir. 2006), that any award should be limited to restitution – that is, to a maximum of $1 million – on the ground that this is a contempt action rather than a direct action under the FTC Act. (Mem. Op., Case No. 03 C 3904, Docket Entry 335 at 5-6.) But the Memorandum Opinion alludes to no evidence of actual consumer injury – because there was none – to support any civil damages award, much less a damages award of $37.6 million. Notably, the Memorandum Opinion states that "any sanction based on disgorgement of profits would be a wholly ineffectual remedy and would do nothing to *deter* . . . future contempt." (*Id.* at 4 (emphasis added).)

In support of the judgment, the Memorandum Opinion stated that Trudeau "willfully violated" the Stipulated Order (*id.* at 2), that he had engaged in "willful violation of this court's orders" (*id.* at 5), and that the "civil" contempt proceeding was "based on a direct and willful violation of a court order" (i*d.* at 6).

As of the time the renewed $37.6 million judgment was entered, almost three years had passed since Trudeau engaged in the conduct that allegedly violated the Stipulated Order. Yet, in addition to re-imposing the $37.6 million judgment and imposing a permanent injunction that

---

[1] Trudeau has appealed the April 16, 2010 judgment to the Seventh Circuit. Among other things, Trudeau disputes that the deposition testimony is in evidence or that either the deposition or the documentary exhibit support the $37.6 million number. The appeal has been briefed and argued and a decision is pending. We do not ask this Court to rule on the correctness of Judge Gettleman's evidentiary rulings. We ask only that this Court take judicial notice of the fact that the April 16, 2010 Memorandum Opinion and Order does not reference any evidence of actual consumer injury and that it imposes a "remedy" that is tantamount to a criminal fine.

effectively prohibits Trudeau from promoting his books via infomercials, Judge Gettleman entered an order that Trudeau show cause "why he should not be prosecuted for and held in criminal contempt of this Court's 9/2/2004 Consent Order." (Minute Order, Case No. 03 C 3904, Docket Entry 338.) The order further stated that "this court will consider imposing a term of imprisonment not to exceed six months for defendant's producing and broadcasting deceptive infomercials . . . in direct and willful violation of this court's order of September 2, 2004." (Order, Case No. 03 C 3904, Docket Entry 339 ("Order to Show Cause") at 1.)

The matter has subsequently been reassigned to this Court, and the United States has asked the Court to consider imposing a term of imprisonment exceeding six months.

## ARGUMENT

This case should be dismissed because it puts Trudeau in double jeopardy. "The Double Jeopardy Clause of the Fifth Amendment . . .provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Brown v. Ohio,* 432 U.S. 161, 164 (1977). Under the Double Jeopardy Clause, "courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." *Id.* at 165. The Double Jeopardy Clause applies to successive *punishments and* to successive prosecutions for the same offense. *United States v. Dixon,* 509 U.S. 688, 696 (1993) (emphasis added). And, it applies to criminal contempt proceedings. *Id.* Even where a contempt sanction is nominally a civil sanction, it can be deemed a criminal sanction for double jeopardy purposes where "its purpose is to punish the contemnor, vindicate the court's authority, or deter future misconduct." *United States v. Lippitt*, 180 F.3d 873, 876 (7th Cir. 1999) "[L]ittle weight is given the label the district court attaches to the contempt order." *Id.* at 877 n.6. A monetary contempt sanction is "criminal" where it is not compensatory and there is no

4

opportunity to purge. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994).

That is precisely the case here. First, there is no opportunity to purge. Second, the $37.6 million judgment cannot fairly be characterized as compensatory. The judgment is overwhelmingly disproportionate to any appropriate damages remedy, because the government did not show that even a single person was actually injured by the book infomercials in which Trudeau appeared. It is also overwhelmingly disproportionate to any restitutionary remedy, because it is undisputed that Trudeau received at most only a very small fraction of the revenue generated by the book sales, the vast majority of which went to ITV, the owner and distributor of the infomercial.

I.  **The $37.6 Million Judgment Bears No Relationship to Any Actual Consumer Injury.**

A compensatory award in a civil contempt case requires "evidence of complainant's *actual loss*[.]" *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947) (emphasis added). In other words, it requires proof of the *fact of injury* as well as the amount of damages. *McGregor v. Chierico*, 206 F.3d 1378, 1386-87 (11th Cir. 2000); *In re General Motors*, 110 F.3d 1003, 1015-16 (4th Cir. 1997); *Graves v. Kemsco Group, Inc.*, 864 F.2d 754, 756 (Fed. Cir. 1988). There is not a shred of evidence of actual injury in these proceedings.

The Seventh Circuit was not satisfied the first time around with the district court's assertion that the $37.6 million was "a reasonable approximation of the loss consumers suffered . . . ." *FTC v. Trudeau,* 579 F.3d at 771. The Seventh Circuit explained that, to be a proper compensatory remedy in a civil contempt proceeding, the sanction "must be based on evidence of actual loss." *Id.* (quoting *Autotech Techs. LP v. Integrated Research & Dev. Corp.*, 499 F.3d 737, 752 (7th Cir. 2007)). Even if the record supported the figure of $37.6 million as the amount

5

paid by consumers to purchase the *Weight Loss* book (which Trudeau disputes), it clearly cannot be assumed that each and every purchaser was injured or suffered a "loss." It could be that a customer suffered a loss if he or she felt defrauded and were unable to get a refund. But the FTC adduced no such evidence. Or, it could be that someone suffered a loss if they felt that they would not have purchased the book but for Trudeau's statements in the infomercials that the protocol was "easy." But, again, the FTC adduced no such evidence. It is more likely that many purchasers successfully lost weight with the help of the book, did not find the protocol more difficult than a typical diet, enjoyed Trudeau's style of writing and his substantive discussion of the issues, and would not want a refund or deem themselves entitled to one. There is no evidence in the record to show otherwise.[2]

II. **The $37.6 Million Judgment Far Exceeds Any Appropriate Restitutionary Remedy.**

In the pre-appeal proceedings, Trudeau argued to the district court that, even if the $37.6 million figure was a reasonable approximation of the revenue generated by infomercial sales of the *Weight Loss* book, Trudeau could be held liable only for equitable restitution, that is, only for the percentage of that revenue that he actually received. Trudeau relied on *FTC v. Verity Int'l Ltd.,* 443 F.3d 48 (2d Cir. 2006), which held that monetary remedies in a Section 13 FTC Act case are limited to equitable restitution. The court noted that money collected and retained by some "middleman" cannot be collected from the defendant. *Id.* at 68. Here, it was and is undisputed that Trudeau received at most about $1 million that could arguably be attributed to infomercial sales of the *Weight Loss* book. The remainder of the revenue, whatever it was, was

---

[2] Indeed, at the evidentiary hearing in July 2008, the district court reacted to the FTC's request for an award of at least $37.6 million by stating: "I am troubled though about remedy here. . . because the remedy that you are suggesting is rather Draconian. . . to say that everybody who bought this book should be given a refund strikes me as a bit overdoing it." (Ex. B, 7/25/08 Tr. at 354-55.) The district court later added that it would need "a better record to actually determine what [the consumer harm] figure is." (Ex. C, 10/30/08 at Tr. 4.) Inexplicably, though not having a "better record," the district court ultimately entered a judgment of $37.6 million.

collected and retained by "middleman" ITV, the company that owned and distributed the *Weight Loss* book infomercials.

In remanding the case for the district court to supply the "key ingredients" to prevent the sanction from being a criminal one, the Seventh Circuit stated that it would allow the district court "first crack at the factual and legal questions" posed by the *Verity* case. *FTC v. Trudeau*, 579 F.3d at 772. In its April 2010 order, the district court responded that *Verity* does not apply to this case because *Verity* involved an action under the FTC Act, whereas this is a contempt proceeding. (Mem. Op., Case No. 03 C 3904, Docket Entry 335 at 5-6.)

Again, we do not ask this Court to rule on the correctness of Judge Gettleman's holding that *Verity* does not apply to this case because it is a contempt proceeding. However, it is undisputed that the $37.6 million judgment exceeds by a factor of more than 35 the amount of money that would be required for a restitutionary remedy. And it is a fact that the $37.6 million judgment is not based on any finding of actual compensable injury. Indeed, Judge Gettleman's justification of the judgment is that anything less would not be a sufficient deterrent.

## CONCLUSION

For the foregoing reasons, Trudeau respectfully requests that this Court take notice that the prior $37.6 million judgment is not compensatory or coercive, that its purpose is deterrence, and therefore that it is a criminal sanction, irrespective of its label. Accordingly, under the Double Jeopardy Clause, the Government is precluded from seeking to criminally punish Trudeau again for the same conduct. This Court should dismiss this matter under the Double Jeopardy Clause.

Dated: June 6, 2011

                                      Respectfully submitted,

                                      KEVIN TRUDEAU

                                      By:   /s/ Kimball R. Anderson
                                                  One of His Attorneys

Kimball R. Anderson (kanderson@winston.com)
Thomas L. Kirsch II (tkirsch@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
312-558-5600

Daniel J. Hurtado (dhurtado2@att.net)
Law Office of Daniel J. Hurtado
841 North Grove Avenue
Oak Park, Illinois 60302
708-289-2503

**CERTIFICATE OF SERVICE**

I, Kimball R. Anderson, an attorney, hereby certify that on June 6, 2011, I caused to be served true copies of Kevin Trudeau's Memorandum of Law in Support of Motion for Dismissal Under the Double Jeopardy Clause by filing such document through the Court's Electronic Case Filing System, which will send notification of such filing to:

Marc Krickbaum
United States Attorney's Office
219 South Dearborn Street
Suite 500
Chicago, Illinois 60604

/s/ Kimball R. Anderson
Kimball R. Anderson
Attorney for Kevin Trudeau