# EXHIBIT A

1

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
    FEDERAL TRADE COMMISSION,       )
 4                                  )
                    Plaintiff,      )
 5                                  ) No. 03 C 3904
              vs.                   ) Chicago, Illinois
 6                                  ) September 29, 2010
    KEVIN TRUDEAU,                  ) 2:00 p.m.
 7                                  )
                    Defendant.      )
 8

 9            TRANSCRIPT OF PROCEEDINGS - MOTION

10         BEFORE THE HONORABLE ROBERT W. GETTLEMAN

11  APPEARANCES:

12  For the Plaintiff:     HON. PATRICK J. FITZGERALD
                           United States Attorney
13                         219 South Dearborn Street
                           Chicago, Illinois 60604
14                         BY:  MR. MARC L. KRICKBAUM

15  For the Defendant:     WINSTON & STRAWN LLP
                           35 West Wacker Drive
16                         Chicago, Illinois 60601
                           BY:  MR. KIMBALL R. ANDERSON
17                              MR. THOMAS KIRSCH, II

18

19

20

21

22

23  Official Reporter:     JENNIFER S. COSTALES, CRR, RMR
                           219 South Dearborn Street
24                         Room 1706
                           Chicago, Illinois 60604
25                         (312) 427-5351
```

1   (Proceedings in open court.)
2          THE CLERK:  03 C 3904, FTC versus Kevin Trudeau.
3          MR. KRICKBAUM:  Good afternoon.
4          Mark Krickbaum on behalf of the United States.
5          MR. ANDERSON:  Kimball Anderson and Tom Kirsch on behalf
6   of Mr. Trudeau.
7          THE COURT:  Okay.  So we're here at last for argument on
8   the objections to the rule to show cause and on the motion to
9   recuse.
10         So I think the ball is in the defendant's court, so why
11  don't we begin with, Mr. Anderson, are you going to argue?
12         MR. ANDERSON:  Mr. Kirsch is going to handle that.
13         THE COURT:  Okay.
14         MR. KRICKBAUM:  Thank you, Your Honor.
15     (Discussion off the record.)
16         MR. KIRSCH:  Well, Your Honor, I can do this however
17  you'd like.  I can address the response to the show cause, or I
18  can address the recusal, or I can address them both.  But it is
19  not my intention to repeat the arguments that we made in our
20  brief.  I'm happy to answer questions that you may have.
21         THE COURT:  Okay.  Well, why don't you cover both,
22  because they're so related.  I do have some, you know, some
23  questions as well.  And we don't have to structure this so
24  formally that you're restrained in any way.
25         MR. KIRSCH:  Okay.  Well, Your Honor, with respect to

1  Honor, to the extent that Mr. Krickbaum was indicating that there
2  is no support for the least possible power doctrine, I would cite
3  the Court to United States versus Wilson, a Supreme Court case
4  decided in 1975, where the Court reiterated the principle, and
5  this is a quote, "The principle that only the least power
6  possible" -- strike that -- "the least possible power adequate to
7  the end proposed should be used in contempt cases."
8         So I don't think that's a doctrine that Mr. Trudeau
9  invented.  It is a doctrine that exists in the law, and
10 particularly in contempt cases where the Court has such
11 tremendous power to exercise over an individual defendant.
12        THE COURT:  All right.  Thank you.
13        Anything to add?
14        MR. KRICKBAUM:  No, Judge.
15        THE COURT:  All right.  Let's talk about this.  I'm
16 going to write on this.  I'm going to give you a ruling date.
17 But whether it's me or somebody else, what would the next step be
18 from the government's point of view?  Let's just assume
19 hypothetically I denied these motions, and it's me.  What would
20 be the next step?
21        MR. KRICKBAUM:  I think the next step is to set a
22 schedule for pretrial motions, additional pretrial motions, Your
23 Honor.  The Court, I was not at the first status in this case,
24 but I understand that the Court indicated that it was going to
25 proceed in stages.  And so the first stage was to deal with the

1  objections to the rule to show cause, which, of course, then
2  became a motion to dismiss.
3      I think the next stage is to have a period for the
4  filing of any additional pretrial motions that Mr. Trudeau wants
5  to file.
6      I think after that stage we may be in a position to talk
7  about setting a trial date.  That's the government's view.
8      THE COURT:  And what would you, I know this is getting
9  way ahead of everybody here, but what would you anticipate a
10 trial looking like in this case?
11     MR. KRICKBAUM:  I can speak from the government's
12 perspective about our case in chief.  It would be a short case in
13 chief consisting primarily of exhibits involving Mr. Trudeau's
14 Weight Loss Cure book and three infomercials that are cited in
15 the rule to show cause.  It's possible that there would be a fact
16 witness to lay a foundation for those exhibits.  We would likely
17 have a stipulation about them.  That would be the government's
18 case in chief.  I don't anticipate at this point that there would
19 be additional witnesses.
20     Now, depending on the defenses, and there is a
21 possibility of an advice of counsel defense in this case and
22 other defenses, the government may have a rebuttal case.  But
23 that will, of course, depend entirely on Mr. Trudeau's defense.
24     THE COURT:  The reason I ask this isn't totally out of
25 context of the other motions, because particularly Mr. Anderson's

1  remarks, if I were to -- when I'm weighing what Mr. Anderson
2  argued was the appearance of having prejudged this and all the
3  rest of it, I'd like to know as best I can, I think I can
4  probably anticipate most of this, but, you know, what exactly it
5  is I am being asked to judge at all, whether it's anything
6  different than I've seen or what.
7        I'm not asking you whether Mr. Trudeau is going to
8  testify or not.  That's obviously his privilege under the Fifth
9  Amendment to wait until the last moment.  But do you have
10 anything to add to what the government just said?
11       MR. KIRSCH:  Well, Your Honor, I agree that the next
12 step would be a date for pretrial motions.  I think that's the
13 best way to proceed.
14       Of course, Mr. Trudeau's defense would be much more
15 rigorous than the government's -- "rigorous" is not the word --
16 lengthy than the government's, than the government's case in
17 chief.  But Mr. Trudeau would defend that his conduct certainly,
18 he would defend that the government can't meet the evidence --
19 can't meet the elements showing a violation of the order beyond a
20 reasonable doubt and that he did so with willful intent.
21       So I think the defense, I think the defense case, this
22 is sort of an unusual situation, because there is this record
23 that exists, the defense case would probably be longer at least
24 initially than the government's case, depending on how long and
25 what they think is needed for rebuttal.

# **EXHIBIT B**

```
                                                                    1

 1                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   UNITED STATES OF AMERICA,         )
                                       )
 4              Plaintiff,             )
                                       )
 5     v.                              ) No. 10 CR 886
                                       )
 6   KEVIN TRUDEAU,                    ) Chicago, Illinois
                                       ) April 7, 2011
 7              Defendant.             ) 10:30 a.m.

 8                     TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE RONALD A. GUZMAN
 9

10   APPEARANCES:

11   For the Plaintiff:         HON. PATRICK J. FITZGERALD
                                United States Attorney
12                              BY:  MR. MARC KRICKBAUM
                                Assistant United States Attorney
13                              219 South Dearborn Street
                                Suite 500
14                              Chicago, Illinois  60604
                                (312) 353-5300
15
     For the Defendant:         WINSTON & STRAWN LLP
16                              BY:  MR. THOMAS LEE KIRSCH II
                                35 West Wacker Drive
17                              Chicago, Illinois  60601
                                (312) 558-3220
18

19

20

21
     Court Reporter:            NANCY C. LaBELLA, CSR, RMR, CRR
22                              Official Court Reporter
                                219 South Dearborn Street
23                              Room 1222
                                Chicago, Illinois  60604
24                              (312) 435-6890
                                Nancy_LaBella@ilnd.uscourts.gov
25
```

1    As far as the scheduling is concerned, I agree that a
2 pretrial motions deadline is appropriate.  However, your
3 Honor, I think the Speedy Trial Act has long been blown in
4 this case.  Mr. Trudeau agreed to excludable time until
5 October 22nd.  Here we are on April 7th.
6    If the Court would like, we could brief the Speedy
7 Trial Act issue first.  I think that could be a simple issue
8 for the Court to deal with.  And then we could proceed with
9 other pretrial motions if the Court is so inclined, otherwise
10 we could deal with them all at the same time.
11    THE COURT:  We can do them all at the same time I
12 think.
13    MR. KRICKBAUM:  That's fine, Judge.
14    THE COURT:  If you're going to file all of these
15 motions, what time sequence do you really want?  Two weeks for
16 one motion is one thing.  If we're going to have motions by
17 both sides, is two weeks going to be enough?
18    MR. KRICKBAUM:  It's enough for the government,
19 Judge.
20    MR. KIRSCH:  Your Honor, it will not be enough for
21 the defendant.  I think we have to first see their motion
22 before we can file a pretrial -- a Speedy Trial Act motion.  I
23 would like to see what their motion is with the Court that
24 they file in two weeks.
25    THE COURT:  Why would one affect the other?  One is

1   summary proceeding that was reversed by the Seventh Circuit.
2   That was the first criminal contempt that Judge Gettleman had
3   issued in this case.  It was reversed by the Seventh Circuit.
4           This was not a summary proceeding, but it was going
5   to be a bench trial in front of Judge Gettleman, which
6   everybody had agreed to.  But I just -- I don't think that the
7   issue will be as clear and straightforward.
8           THE COURT:  It doesn't matter.  You folks are going
9   to brief it so --
10          MR. KIRSCH:  Right.
11          THE COURT:  -- brief it and then we'll rule on it.
12          MR. KIRSCH:  Your Honor, as far as timing for
13  pretrial motions, I would request 60 days for pretrial
14  motions; and that's based on -- your Honor, I'm in front of
15  Judge Daniel in Denver for the last -- for four days at the
16  end of April on evidentiary hearings in another case; and
17  that's going to take up a significant amount of my time for
18  the next -- so I ask for 60 days, and that's the reason.
19          THE COURT:  Okay.  You can have 60 days.
20          THE CLERK:  June 6th.
21          THE COURT:  June 6th.  That's the deadline for filing
22  all pretrial motions by both sides, Speedy Trial, the
23  determination as to the sentence that will be requested,
24  everything else.
25          MR. KRICKBAUM:  And responses, Judge?