UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 10 CR 886 |
| | ) | |
| KEVIN TRUDEAU | ) | Judge Ronald A. Guzman |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO AMEND
ORDER TO SHOW CAUSE**

The UNITED STATES OF AMERICA respectfully submits the following reply in support of its motion to dismiss the original order to show cause, and to enter an amended order to show cause against defendant, Kevin Trudeau, that removes the six-month cap on the potential term of imprisonment.

### BACKGROUND

Before the government entered this case, Judge Gettleman issued an order to show cause why Trudeau should not be held in criminal contempt. The order announced that, if Trudeau was convicted, Judge Gettleman would limit any sentence of imprisonment to six months or less. Before Judge Gettleman, the government chose not to contest this announcement. After the case was assigned to this court, the government asked the court to consider imposing a higher sentence, and, accordingly, the government filed a motion to dismiss the order to show cause and to enter an amended or superseding order that did not contain a six-month cap. R. 8. The government attached a proposed amended order to its motion. Trudeau has filed a response. R. 14.

**ARGUMENT**

The government agrees with Trudeau that, up until now, his conduct has been treated as a petty offense. The government has asked this Court to dismiss the order to show cause and to enter a new order without a six-month cap because, in the government's view, Trudeau's conduct is more serious than a petty offense. If Trudeau is convicted, and the court hears the evidence at trial, reviews the PSR, and conducts a sentencing hearing, the court might agree with the government. Because of that possibility, the court should preserve the option of imposing a sentence of more than six months.

The government also agrees with Trudeau that his background and the nature of the offense have not changed since the case was assigned to this court. What has changed is that the case was assigned to this court. Unlike Judge Gettleman, this court did not announce, before the government joined the case, that the court would limit any sentence to six months. The government asks the court not to adopt that announcement at this stage of the proceeding.[1]

The government will not engage in a blow-by-blow review of Trudeau's tangled history of litigation before Judge Gettleman, or Trudeau's characterization of that litigation in his filing. The Seventh Circuit's opinion in *FTC v. Trudeau* provides a

---

[1] Trudeau states that the government "agreed with Judge Gettleman's assessment" that the sentence should be capped at six months. R. 14 at 9. That is false. What the government actually said before Judge Gettleman was that the government "will not contest the Court's announcement" of the six-month cap. 03 CV 3904, R. 406 at 1 n.1.

useful summary. The opinion is also a reminder that Trudeau continues to repeat arguments the court of appeals has rejected. For example, Trudeau claims that he believed *The Weight Loss Cure* infomercials complied with the civil consent decree because they "followed the same format" as infomercials for one of Trudeau's previous books called *Natural Cures*. R. 14 at 3-4. The Seventh Circuit made short work of that contention.

> Nothing about the FTC's prior approval should have led Trudeau to believe that he could selectively quote his weight loss book as being "easy" and "simple," while leaving out nearly every relevant detail about the weight loss protocol. . . . The extent to which Trudeau could reasonably rely on the FTC's approval of the *Natural Cures* infomercial ended when Trudeau began uttering false statements and quotes that mischaracterized the content of the *Weight Loss Cures* book.

*FTC v. Trudeau*, 579 F.3d 754, 767-68 (7th Cir. 2009).

Trudeau's conduct in this case and his background speak for themselves. After peddling dubious "cures" for years, Trudeau appeared in infomercials that flagrantly misrepresented the content of *The Weight Loss Cure* book, in violation of a court order. The infomercials aired about 32,000 times and produced sales figures of close to $40 million. *FTC v. Trudeau*, 579 F.3d at 759 n.5; 03 CV 3905, R. 335 at 7 n.6. By touting false information, the infomercials deceived consumers, and, according to the Seventh Circuit, Trudeau's misrepresentations "induc[ed] consumers to purchase the book on false hopes and assumptions." *FTC v. Trudeau*, 579 F.3d at 767.[2] This was not the first time he has violated a court order, or the first time he has been held in contempt

---

[2] This is the repeated deception of consumers the government's motion referred to.

3

of court.  He also has a criminal record, having been convicted of fraud twice in the early 1990s.

It is true that Judge Gettleman was very familiar with Trudeau when the judge imposed the six month cap.  This court is not yet so familiar with Trudeau.  At the end of this proceeding, the court may reach a different conclusion than Judge Gettleman about the appropriate sentence.  Therefore, the government asks the court to wait before announcing the maximum sentence Trudeau may receive.  Based on the seriousness of the offense, the history and characteristics of the defendant, the need for deterrence evidenced by Trudeau's history of contemptuous conduct, and the need to promote respect for the law, the government asks this court to leave open the option of sentencing Trudeau to something more than six months in prison.

## CONCLUSION

For these reasons, the government respectfully requests that the court dismiss the order to show cause and enter an amended or superseding order (attached to the government's original motion), without the six-month cap on Trudeau's sentence.

Dated: July 5, 2011

                                              Respectfully submitted,

                                              PATRICK J. FITZGERALD
                                              United States Attorney

By:    /s/ Marc Krickbaum
        MARC KRICKBAUM
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 469-6052