## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 10-CR-886 |
|       v. | ) | |
| | ) | Judge Ronald A. Guzman |
| KEVIN TRUDEAU, | ) | |
|     Defendant. | ) | |
| _____ | ) | |

### KEVIN TRUDEAU'S REPLY MEMORANDUM IN SUPPORT OF
### MOTION FOR DISMISSAL UNDER THE DOUBLE JEOPARDY CLAUSE

This prosecution is barred by the Double Jeopardy Clause because the $37.6 million judgment that Judge Gettleman entered as a putative sanction for civil contempt amounts to a criminal sanction because it is not tied to any actual injury to consumers, nor is it tied to any appropriate restitutionary remedy. The government only weakly disputes that the $37.6 million amounts to a criminal fine. Rather, its primary arguments are: (1) Judge Gettleman's earlier denial of Trudeau's motion to dismiss on double-jeopardy grounds is the law of the case and should not be revisited; and (2) the issue of whether the $37.6 million judgment constitutes an impermissible criminal fine is currently before the Seventh Circuit and should not be prejudged by the Court. Neither argument, however, is persuasive. First, the "law of the case" doctrine is a prudential doctrine and does not limit the power of this Court to revisit the issue, particularly where the prior denial of Trudeau's motion was an interlocutory ruling and was not accompanied by any opinion or explanation. Second, even if the Seventh Circuit were to reverse the $37.6 million judgment for a second time on the ground that it is an impermissible criminal fine, Trudeau will have been subjected to that punishment and its effects for a total of over two years now, and, absent dismissal of this prosecution, will still have been exposed to double punishment for the same offense.

If this matter is not dismissed with prejudice on Speedy Trial Act grounds, it should be dismissed on double-jeopardy grounds.

**ARGUMENT**

**I.     The "Law Of The Case" Doctrine Does Not Bar This Court's Consideration Of Trudeau's Motion To Dismiss Under The Double Jeopardy Clause.**

After Judge Gettleman issued the Order to Show Cause in this matter on April 16, 2010, Trudeau filed objections to the Order to Show Cause in which, among other things, he argued that holding him in criminal contempt would put him in double jeopardy.  (No. 03 C 3904, Entry 357.)  Trudeau subsequently filed a motion for recusal.  (*Id.*, Entry 416.)  On October 19, 2010, Judge Gettleman entered an order overruling Trudeau's objections and denying his motion for recusal.  (*Id.*, Entry 437.)   The order did not specifically mention Trudeau's double-jeopardy objection, much less explain why the court overruled the objection.  (*Id.*)  The government now argues that Judge Gettleman's implicit denial of Trudeau's request for dismissal under the Double Jeopardy Clause is the "law of the case," and therefore that "this Court may revisit the issue only if the prior decision was 'obviously wrong' or there has been a change in the law." (Resp. at 17.)  That argument is wrong for three reasons: (1) the "law of the case" doctrine does not apply to interlocutory rulings such as the denial of a motion to dismiss; (2) even if the doctrine applied to a denial of a motion to dismiss, the doctrine is prudential, not jurisdictional; and (3) the doctrine does not counsel against revisiting Judge Gettleman's ruling because that ruling was unexplained and "obviously wrong."

First, the "law of the case" doctrine does not apply to interlocutory orders such as a denial of a motion to dismiss. *Kennedy v. Vill. of Oak Lawn*, No. 99 C 7917, 2001 WL 1001167, at *3 (N.D. Ill. Aug. 27, 2001) (citing *Curran v. Kwon*, 153 F.3d 481, 486 (7th Cir. 1998)). *See also Harlow v. Children's Hosp.*, 432 F.3d 50, 55 (1st Cir. 2005) ("[I]nterlocutory orders,

including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."); *Martin v. Port Auth. Transit of Allegheny County,* 115 Fed. Appx. 556, 560 (3d Cir. 2004) (same).

Second, even if the law of the case doctrine were applicable here, the doctrine does not limit this Court's power to revisit Judge Gettleman's implicit, summary ruling. The "law of the case doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quotation omitted). The Seventh Circuit has explained that "there is no imperative duty to follow the earlier ruling – only the desirability that suitors shall, so far as possible, have reliable guidance how to conduct their affairs." *Curran v. Kwon*, 153 F.3d at 486-87 (quotation omitted). Here, there is no good reason for the Court refusing to consider this issue under the law of the case doctrine.

Third*, even if the "law of the case" doctrine applied, the standards for revisiting a prior decision are met here. A successor judge is discouraged from revisiting the decision of a transferor judge unless the successor judge "has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it." *Gilbert v. Illinois State Bd. of Educ.,* 591 F.3d 896, 902 (7th Cir. 2010). Not only was Judge Gettleman wrong, but the government has not pointed to any harm that it would incur as a result of this Court revisiting the issue of whether the Double Jeopardy Clause bars this prosecution. Indeed, it could hardly prejudice the government for Trudeau's constitutional rights to be vindicated.

As demonstrated in our opening brief, Judge Gettleman's decision that the $37.6 million judgment was not a criminal punishment is wrong because the judgment bears no relationship to

any actual consumer injury. The government repeats the conclusory assertions in Judge Gettleman's April 16, 2010 Memorandum Opinion and Order that Trudeau's statements in the *Weight Loss* book infomercials "induced consumers to purchase the book on false hopes and assumptions that they would lose weight[.]" (Resp. at 18 (quoting No. 03 C 3904, Entry 335 at 4).) But while that Order discusses how Judge Gettleman calculated the net revenue generated via infomercial sales of the *Weight Loss* book, it contains no discussion whatsoever of any evidence of actual consumer injury. Thus, this Court need not review or overrule any of Judge Gettleman's factual findings. To the contrary, this Court should take Judge Gettleman's Order at face value and conclude that there was no evidence of actual consumer injury. As a result, the $37.6 million judgment was a criminal punishment and this prosecution should be dismissed.

## II. **The Pending Appeal Should Not Preclude Consideration Of Trudeau's Double-Jeopardy Motion.**

The government argues that Trudeau is effectively asking this Court to preempt the Seventh Circuit's anticipated ruling on Trudeau's pending appeal. (Resp. at 19-20.) The government argues that if the Seventh Circuit reverses the judgment, the double-jeopardy issue would be moot. But it is not so simple.

First, it is conceivable that the Seventh Circuit might reverse or affirm on grounds that do not pass judgment on whether the $37.6 million constitutes a criminal sanction for double-jeopardy purposes. It could, for example, agree with the FTC and decide that the FTC Act authorizes full "consumer redress" in a civil proceeding without any finding of actual consumer injury or of ill-gotten gains. It could then also find that, because the civil contempt action arose from a proceeding under the FTC Act, the FTC Act remedies are also appropriate civil contempt remedies in this context. That would leave open the question of whether the FTC Act remedy in this instance is a criminal sanction for double-jeopardy purposes.

Second, the implication of the government's argument is that Trudeau waived his constitutional rights by appealing the $37.6 million judgment. If Trudeau had not appealed that judgment – because of lack of resources or any other reason – then this Court certainly could entertain his double-jeopardy claim. Therefore, if the government's argument is correct, it would mean that by appealing the prior judgment Trudeau waived his rights under the Double Jeopardy Clause. That cannot be the right result.

Third, even if the Seventh Circuit were to outright reverse the $37.6 million judgment in the near future, Trudeau will already have been subjected to that punishment. In both the appeals in the civil matter, Judge Gettleman and the Seventh Circuit denied Trudeau's motions for a stay of the judgment pending appeal, and Trudeau is subject to asset discovery and enforcement of the judgment by the FTC. Moreover, aside from any enforcement action by the FTC, the existence of the judgment has had a significant negative impact on Trudeau's ability to pursue his livelihood. For example, the existence of the $37.6 million judgment has prevented Trudeau from securing the $2 million bond that Judge Gettleman's April 16, 2010 Order requires as a condition for any further production of or appearances in infomercials on Trudeau's part. Accordingly, Trudeau has been deprived of a primary venue for pursuing his business and advocating his ideas for a total of well over two years now. None of those harms to Trudeau will be undone by an ultimate reversal of the judgment.

## CONCLUSION

For the foregoing reasons, and the reasons stated in his Memorandum of Law in Support of Motion, Trudeau respectfully requests that this matter be dismissed pursuant to the Double Jeopardy Clause.

Dated:  July 11, 2011                 Respectfully submitted,

                                      KEVIN TRUDEAU

                          By:  /s/ Kimball R. Anderson
                                 One of His Attorneys

Kimball R. Anderson (kanderson@winston.com)
Thomas L. Kirsch (tkirsch@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
312-558-5600

Daniel J. Hurtado (dhurtado2@att.net)
LAW OFFICE OF DANIEL J. HURTADO
841 North Grove Avenue
Oak Park, Illinois  60302
708-289-2503

## <u>CERTIFICATE OF SERVICE</u>

I, Kimball R. Anderson, an attorney, hereby certify that on July 11, 2011, I caused to be served true copies of Kevin Trudeau's Reply Memorandum in Support of Motion for Dismissal Under the Double Jeopardy Clause by filing such document through the Court's Electronic Case Filing System, which will send notification of such filing to:

Marc Krickbaum
United States Attorney's Office
219 South Dearborn Street
Suite 500
Chicago, Illinois 60604


/s/ Kimball R. Anderson
Kimball R. Anderson
Attorney for Kevin Trudeau

CHI:2551153.5