UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 10 CR 886 |
| | ) | |
| KEVIN TRUDEAU | ) | Judge Ronald A. Guzman |

**GOVERNMENT'S SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS UNDER THE DOUBLE JEOPARDY CLAUSE**

The UNITED STATES OF AMERICA submits the following sur-reply to defendant's motion to dismiss the order to show cause under the double jeopardy clause. The government's sur-reply is based on the Seventh Circuit's recent decision in *FTC v. Trudeau*,--- F.3d ----, 2011 WL 5927435, No. 10-2418 (7th Cir. Nov. 29, 2011) ("*Trudeau III*") (Attached as Exhibit A).

**INTRODUCTION**

In civil proceedings before Judge Gettleman, defendant Trudeau was held in civil contempt for violating a 2004 consent decree by appearing in infomercials that misrepresented the content of his book, *The Weight Loss Cure*. The Seventh Circuit affirmed the finding of contempt, but remanded to determine the proper remedy. *FTC v. Trudeau*, 579 F.3d 754 (7th Cir. 2009) ("*Trudeau I*").[1] On remand, the district court ordered Trudeau to pay civil damages of $37.6 million in order to compensate consumers for losses from the deceptive infomercials. The court calculated this fine by "multiplying the price of [*The Weight Loss Cure*] book by the 800-number orders, plus the cost of shipping, less returns." *Trudeau III*, 2011 WL 5927435, at *1. In addition, the court ordered Trudeau to post a $2 million performance bond before participating in more infomercials. 03 CV

---

[1] An additional opinion, *Trudeau II*, was reported at 606 F.3d 382 (7th Cir. 2010).

3904, R. 335. Trudeau appealed. In addition to the civil judgment, the district court issued an order to show cause why Trudeau should not be held in criminal contempt for violating the 2004 consent decree, 03 CV 3904, R. 339, and the case was eventually reassigned to this Court.

Trudeau has filed a motion to dismiss the order to show cause in this case, arguing that the $37.6 million judgment against him in the civil case was criminal in nature, and so any additional punishment would violate the double jeopardy clause. R.11. Trudeau argues that the civil judgment was criminal for two reasons: (a) it was disproportionate as a damages remedy "because the government did not show that even a single person was actually injured by the book infomercials in which Trudeau appeared"; and (b) it was disproportionate as a restitution remedy "because it is undisputed that Trudeau received at most only a very small fraction of the revenue generated by the book sales. . . ." R. 12 at 5. These claims mirror arguments Trudeau made to the Seventh Circuit when he appealed the civil judgment. On November 29, 2011, in *Trudeau III*, the Seventh Circuit rejected these arguments and affirmed the civil judgment. This Court should reject the arguments as well, and should deny Trudeau's motion to dismiss.

**ARGUMENT**

A monetary sanction is civil, rather than criminal, if it either compensates a victim for losses caused by the contemptuous conduct, or if it coerces a contemnor to comply with a court order. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 812, 829 (1994); *Trudeau I*, 579 F.3d at 769. The Seventh Circuit's recent opinion makes clear that the $37.6 million judgment imposed on Trudeau was civil, not criminal. In particular, the Seventh Circuit held that "the district court imposed a remedial fine measured by consumer loss." *Trudeau III*, 2011 WL 5927435, at *2. The Court explained that the civil consent decree "aimed to protect consumers from economic injuries

2

based on Trudeau's misrepresentations." *Id.* When Trudeau "flagrantly and repeatedly" breached the consent decree, "the district court chose a remedial sanction that might come close to putting Trudeau's victims in the same position they would have been had Trudeau not misrepresented his books in infomercials in violation of the agreement." *Id.*

Not only did the Seventh Circuit bless this general approach, it approved the district court's specific calculation of damages. The Court held that "37.6 million correctly measures the loss. The figure is *conservative*—it only considers sales from the 800-number, not sales in bookstores carrying [Trudeau's] 'As Seen on TV' titles—and *reliable*—Trudeau cited this figure himself in briefing *Trudeau I*." *Id.* at *1. Rejecting Trudeau's contention that the civil fine was "disproportionate," the Seventh Circuit concluded that the district court "showed restraint" and proceeded with "an abundance of caution" in calculating the remedy. *Id.* at *3. The Court concluded that "the district court's careful approach has left us with a reliable and conservative figure—$37.6 million—that is comfortably within its discretion." *Id*.

The Seventh Circuit also dismissed Trudeau's contention that the civil fine was improper as an award of restitution, which was based on Trudeau's claim that the fine exceeded the amount of revenue Trudeau actually received. *See* R. 12 at 6. This argument was based on a Second Circuit case called *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48 (2d Cir. 2006). *See* R. 12 at 6-7. The Seventh Circuit explained that Trudeau "misunderstands" *Verity*, and that "Trudeau's situation bears no resemblance" to the facts of that case. *Trudeau III*, 2011 WL 5927435, at *2. The Court further held that the district court chose a fine that properly remedied consumer losses. *Id.* at *2-3.

Finally, to extent that Trudeau's motion to dismiss in this case challenges the $2 million performance bond, the Seventh Circuit explained that the bond was "purgeable" (and therefore civil,

not criminal); that it was "proportional to the amount of harm Trudeau caused by previous deceptive infomercials"; and that, given the scope of Trudeau's contemptuous conduct, "if anything, the number seems low." *Id.* at *3, *5.

As the Seventh Circuit's decision makes clear, the civil remedy against Trudeau was compensatory, proportional, and supported by the record. "Trudeau aired infomercials in violation of the [consent] order at least 32,000 times. He should not now be surprised that he must pay for the loss he caused." *Id.* at *1. Because nothing supports Trudeau's contention that the remedy was criminal rather than civil, this Court should deny the motion to dismiss based on the double jeopardy clause.

## CONCLUSION

For the foregoing reasons, the government asks the Court to deny Trudeau's motion to dismiss the order to show cause.

Dated: December 6, 2011

                                          Respectfully submitted,

                                          PATRICK J. FITZGERALD
                                          United States Attorney

By:      /s Marc Krickbaum
           MARC KRICKBAUM
           Assistant United States Attorney
           219 South Dearborn Street
           Chicago, Illinois 60604
           (312) 469-6052