UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 10 CR 886 |
| | ) | |
| KEVIN TRUDEAU | ) | Judge Ronald A. Guzman |

### GOVERNMENT'S FILING WITH RESPECT TO PENALTIES

The UNITED STATES OF AMERICA files the following explanation of the penalties that would apply to defendant Kevin Trudeau if he is convicted of criminal contempt in this case.

**A.   Background**

Trudeau is charged by an order to show cause why he should not be held in criminal contempt, in violation of Title 18, United States Code, Section 401(3). R. 45. The government alleges that Trudeau violated a court order, a civil consent decree entered into with the Federal Trade Commission, by participating in television infomercials that willfully misrepresented the content of his book, *The Weight Loss Cure "They" Don't Want You to Know About*. *Id.* On April 16, 2010, Judge Gettleman issued the original order to show cause, which informed Trudeau that if he was convicted of criminal contempt, Judge Gettleman would consider a penalty of six months or less in prison. *FTC v. Trudeau*, 03 C 3905, R. 339 (N.D. Ill, Gettleman, J.). After the case was transferred to this court, the government filed a motion asking the court to issue an amended order to show cause that lifted the six month cap on the penalty. R. 8. The court granted the motion, and issued an amended order to show

cause. R. 45.[1] The court has requested that the parties submit filings explaining each party's view of the penalties that would apply if Trudeau were convicted.

B. **Statutory Penalties**

The statute under which Trudeau is charged, Title 18, United States Code, Section 401(3) provides that, "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." The statute contains no maximum penalty, rather it empowers a court to "punish by fine or imprisonment, or both, at its discretion." Consequently, "the statutory maximum for criminal contempt is life." *United States v. Ashqar*, 582 F.3d 819, 825 (7th Cir. 2009).

Section 401(3) does not contain any limit on the fine or term of supervised release a court may impose upon conviction. The government's position is that the potential fine and term of supervised release should be capped by the maximum permitted if contempt were a Class A felony, that is a felony with a maximum term of life in prison, *see* 18 U.S.C. § 3559(a)(1). Therefore, the maximum fine is $250,000 or twice the gross gain or twice the gross loss, *see* 18 U.S.C. § 3571(b)(2), (b)(3), and (d), and the maximum term of supervised release is five years, *see* 18 U.S.C. § 3583(b)(1).

---

[1] The order in R. 45 superseded the previous order to show cause entered by the court. R. 26.

2

In addition, there is a special assessment of $100. *See* 18 U.S.C. § 3013(a)(2)(A).[2]

Therefore, if Trudeau is convicted, this court could sentence him to a term from probation up to life in prison, fine him up to $250,000 or twice the gross gain or twice the gross loss, impose a term of supervised released of up to five years, and the court would be required to impose a $100 special assessment.

In *Green v. United States*, 356 U.S. 165 (1958) (overruled in part on other grounds by *Bloom v. State of Ill.*, 391 U.S. 194 (1968)), the Supreme Court explained the role of district and appellate courts in imposing and reviewing sentences for criminal contempt.

> [I]n the areas where Congress has not seen fit to impose limitations on the sentencing power for contempts the district courts have a special duty to exercise such an extraordinary power with the utmost sense of responsibility and circumspection. The 'discretion' to punish vested in the District Courts by [18 U.S.C. § 401] is not an unbridled discretion. Appellate courts have here a special responsibility for determining that the power is not abused, to be exercised if necessary by revising themselves the sentences imposed. . . . The answer to those who see in the contempt power a potential instrument of oppression lies in assurance of its careful use and supervision, not in imposition of artificial limitations on the power.

*Green*, 356 U.S. at 188.

---

[2] If contempt were a Class A felony, probation would not be permitted. *See* 18 U.S.C. § 3561(a)(1). The government is not asserting that contempt is a Class A felony. The Seventh Circuit has never addressed the issue, but other courts have held that contempt is not a Class A felony, explaining instead that contempt is *sui generis*. *See, e.g., United States v. Cohn*, 586 F.3d 844, 848-49 (11th Cir. 2009). The government's position is that regardless of whether contempt is a Class A felony, the maximum fine and term of supervised release for contempt should not be greater than the maximum permitted for a Class A felony.

## C. Sentencing Guidelines

### 1. Offense Level

The guideline applicable to Section 401 is § 2J1.1 ("Contempt"), which directs the application of § 2X5.1 ("Other Felony Offenses"). Section 2X5.1, in turn, provides that "If the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline." Here, the criminal contempt charges are based on Trudeau's efforts to defraud consumers by making television infomercials that misrepresented the content of his book, so that he could sell more books. The most closely analogous offense is wire fraud, in violation of Title 18, United States Code, Section 1343, and the offense guideline is § 2B1.1.

The calculations that follow are estimates based on the information currently available and the defendant's conduct to date. They are made without the benefit of a presentence investigation, and the government's position is that these estimates are not binding on the government.[3]

Pursuant to § 2B1.1(a)(2), the base offense level is 6.

In the civil contempt proceeding, Judge Gettleman found, and the Seventh Circuit affirmed, that an appropriate measure of consumer loss from the misrepresentations in the infomercials was $37.6 million. *FTC v. Trudeau*, 662 F.3d

---

[3] For example, the defendant has not yet testified at trial. If he does so, and commits perjury, he may receive an additional two level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice.

947, 949-51 (7th Cir. 2011).[4] Assuming this is an appropriate measure of loss under the guidelines, then, pursuant to § 2B1.1(b)(1)(L), because the loss was more than $20 million but less than $50 million, 22 levels are added.

Assuming the loss amount was $37.6 million, then, pursuant to § 2B1.1(b)(2)(C), because the offense would involve 250 or more victims, 6 levels are added.

Pursuant to § 2B1.1(b)(9)(C), because the offense involved the violation of a proper, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines, 2 levels are added.

Based on these enhancements, the total offense level would be 36.

### 2. Criminal History Category

Based on the facts now known to the government, Trudeau has 0 criminal history points and his criminal history category is I.

In 1991, defendant was convicted of credit card fraud in the United States District Court for the District of Massachusetts and sentenced to twenty-four months in prison. Pursuant to § 4A1.2(e), this conviction results in 0 criminal history points.

In 1990, defendant was convicted of seven counts of theft by fraud in the Superior Court for Middlesex County in the Commonwealth of Massachusetts and sentenced to five years in prison, with a suspended sentence. Pursuant to § 4A1.2(e), this conviction results in 0 criminal history points.

---

[4] The district court arrived at this figure by multiplying the price of the book by the number of orders that came in through the "800" number used in the infomercials, adding shipping costs, and subtracting any returns. *FTC v. Trudeau*, 662 F.3d at 949.

### 3. Advisory Guidelines Range

At offense level 36 and criminal history category I, defendant's advisory guidelines range would be 188-235 months in prison.

Dated: April 12, 2013

                              Respectfully submitted,

                              GARY S. SHAPIRO
                              United States Attorney

By:    /s/ Marc Krickbaum
        MARC KRICKBAUM
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 469-6052