

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   10 CR 886 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| KEVIN TRUDEAU | ) | |

## JURY INSTRUCTIONS  –GIVEN

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating what I think of the evidence or what I think your verdict should be.

2

The defendant has been charged with criminal contempt. The charge alleges that the defendant willfully violated the district court's order of September 2, 2004 in case number 03 CV 3904, by misrepresenting the content of defendant's book entitled *The Weight Loss Cure "They" Don't Want You to Know About* in infomercials on or about December 23, 2006, January 8, 2007, and July 6, 2007. The defendant has pled not guilty to the charge.

The charge is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source. You must also continue to follow the instructions I gave you at the start of trial that you may not communicate with anyone other than your fellow jurors until after you have returned your verdict.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if the lawyer thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

5

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify or present witnesses. You may not consider in any way the fact that a defendant did not testify or present witnesses. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

Certain charts were admitted in evidence. You may use those charts as evidence.

You have seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to view and listen to any of the recordings during your deliberations. You may, if you wish, rely on your recollections of what you saw and heard during the trial.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

You should not speculate why any other person or company whose name you may have heard during the trial is not currently on trial before you.

The defendant is charged with criminal contempt. For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:



1) The court entered a reasonably specific order;

2) The defendant violated the order by misrepresenting the content of the book *The Weight Loss Cure "They" Don't Want You to Know About* in an infomercial;

3) The defendant's violation of the court order was willful.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from you consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

15

The government contends that the defendant misrepresented the content of the *Weight Loss Cure* book by making one or more of the following statements or omissions in an infomercial:

- Statements that indicate that you can finish or be done with the weight loss protocol and/or statements that indicate that the protocol is a cure that corrects the cause of obesity; or

- Statements that indicate that people can do the weight loss protocol at home, and you don't have to go to a clinic to do it; or

- Statements that indicate that the weight loss protocol is simple and/or statements that indicate that the weight loss protocol involves only a few other little things; or

- Statements that indicate that "no exercise" is required by the weight loss protocol; or

- Statements that indicate that after finishing the protocol, there are no restrictions on what you can eat, and that you'll never have to diet ever again to avoid gaining weight; or

- Statements that indicate that only minors should do the weight loss protocol under the supervision of a licensed health care practitioner; or

- Statements that indicate that while on the protocol, people will have no hunger and/or statements that indicate that the protocol includes no food deprivation; or

- Statements that indicate that anyone can cure food cravings in two minutes using the Callahan technique; or

- Statements that indicate that the weight loss protocol is not a diet and/or the protocol does not involve portion control, calorie counting, watching your carbs, watching your fat or crazy potions, powders or pills; or

- Statements that indicate that anybody can do the weight loss protocol; or

16

- Failure to disclose the specifics regarding the use and administration of HCG during the weight loss protocol and/or statements that indicate that HCG is a substance that you can get anywhere.

The government is not required to prove beyond a reasonable doubt that every one of these statements or omissions misrepresented the content of the book, but it is required to prove beyond a reasonable doubt that at least one of them misrepresented the content of the book. To find that the government has proven this, you must agree unanimously as to which one of the statements or omissions misrepresented the content of the book, as well as all other elements of the crime charged.

A violation of a court order is willful if it is a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful. A person should reasonably be aware that his conduct is wrongful if he is conscious of a substantial and unjustifiable risk that the prohibited event (here, violation of the September 2, 2004 Court Order) will come to pass, and he disregards that risk.

In deciding whether the defendant acted willfully, you may consider all of the evidence, including what the defendant did or said.

If the defendant acted in good faith, then he lacked the willfulness required to prove the offense of contempt with which he is charged. The defendant acted in good faith if, at the time, he honestly believed that his statements in the infomercials did not violate the court order.

The defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted willfully, as charged.

Whether the content of the book *The Weight Loss Cure "They" Don't Want You to Know About* is truthful is not an issue for you to decide in this case. Likewise, whether the weight loss protocol described in the book *The Weight Loss Cure "They" Don't Want You to Know About* is effective for weight loss is not an issue for you to decide. These issues are not relevant to this case.

The charge alleges that the crime happened "on or about" December 23, 2006, January 8, 2007, and July 6, 2007. The government must prove that the crime happened reasonably close to those dates. The government is not required to prove that the crime happened on those exact dates.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that I cannot provide you with a transcript of any of the trial testimony.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.