**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 10 CR 886 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **KEVIN TRUDEAU,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

In 2004, defendant Kevin Trudeau settled a civil lawsuit with the Federal Trade Commission by agreeing to a consent order that prohibited him from making infomercials that misrepresented the content of his books. (*See* Gov. Ex. 5.) In 2006 and 2007, defendant made multiple infomercials promoting his book *The Weight Loss Cure "They" Don't Want You To Know About*. (*See* Trial Stipulation #3.) In the infomercials, defendant made many claims about the protocol described in his book, including that it was "not a diet," did not involve "portion control," "calorie counting" or "deprivation," and could be "do[ne] . . . at home." (*See* Gov. Ex. 19.) Defendant also claimed that the protocol involved a "miracle all-natural substance" that "you can get . . . anywhere." (*Id.*) Defendant further claimed that "when you're done with the protocol, [you can] eat whatever you want and you don't gain the weight back." (*Id.*)

Because the government believed these representations violated the 2004 consent order, defendant was charged with both civil and criminal contempt of court. Specifically, the government alleged that contrary to the infomercials, the book actually contained an onerous diet that involved eating only 500 calories a day from a restricted list of foods; required daily doctor's appointments; involved daily injections of the hormone hCG, which is only available by prescription and has not

been approved for weight loss in the United States; and involved permanently giving up foods that most people eat every day. (*See* Gov. Ex. 4.) Trudeau denied the civil contempt allegations and pleaded not guilty to the criminal contempt allegations. Trudeau was found guilty of civil contempt, *see FTC v. Trudeau*, 579 F.3d 754 (7th Cir. 2009), and after a criminal jury trial held before this Court in November 2013, of criminal contempt. He now files a motion for judgment of acquittal claiming that the evidence at trial was insufficient to prove that he willfully violated the 2004 consent order. For the reasons stated herein, the motion is denied.

In a Federal Rule of Criminal Procedure 29 motion for acquittal challenging the sufficiency of the evidence, the Court views the evidence and all reasonable inferences from it in the light most favorable to the government, defers to the jury's credibility determinations, and will "overturn [ ] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Parker*, 716 F.3d 999, 1007 (7th Cir. 2013); *see United States v. Hach*, 162 F.3d 937, 942 (7th Cir. 1998). The jury was instructed that the government had to establish each of the following propositions beyond a reasonable doubt to prove defendant guilty of criminal contempt: (1) the court entered a reasonably specific order; (2) defendant violated the order by misrepresenting the content of the book *The Weight Loss Cure "They" Don't Want You to Know About* in an infomercial; and (3) defendant's violation of the consent order was willful. There was more than sufficient evidence for a reasonable jury to conclude that the government had met its burden of proof as to each of these elements.

The consent order was admitted at trial pursuant to a stipulation, so the jurors could and did see that it clearly prohibits defendant from making infomercials that misrepresent the content of his books. They also saw that the order was signed by defendant, personally and through counsel,

2

effectively scotching any argument that he was ignorant of its terms. The defendant also stipulated he was the author of the book, thus effectively killing any argument that he was ignorant of the book's content. *See* Trial Stipulation No. 2. The jury watched the infomericals, hearing from defendant's own mouth the words he used to describe the content of his book, and could compare these descriptions to the content of the book itself, which was also admitted in evidence. All of this evidence supports the jury's conclusion that defendant made blatantly false and misleading statements in the infomercials about the content of his book, including that: (1) the protocol in the book was "not a diet," did not involve "portion control," "calorie counting," or "deprivation"; (2) "you can do [the protocol] at home," with a "miracle all-natural substance" that "you can get . . . anywhere"; and (3) "when you're done with the protocol, eat whatever you want and you don't gain the weight back."

Despite the wealth of evidence to the contrary, defendant argues that there was a "near-perfect symmetry" between the infomercials and the book, and thus no proof of willfulness. (Mot. J. Acquittal at 6, Dkt. #150.) The jury, however, clearly rejected this argument, and its decision is supported by the record. The evidence showed, for example, that some claims made in the infomercials, *e.g.*, that you can do the protocol at home and can get hCG "anywhere," do not even appear in the book. Moreover, it supports the inference that other infomercial claims, *e.g.*, the protocol is not a diet, appear in the book but still grossly misrepresent its overall content.

Defendant implies that it is impossible to prove willfulness without a confession or "direct evidence" such as testimony from a witness about the defendant's state of mind or testimony from the defendant himself. That is not the law, as the reflected by the following pattern jury instructions, which the Court, with defendant's agreement, gave to the jury:

3

> You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.
>
> You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

and

> Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.
>
> People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

(Jury Instructions at 6-7, Dkt. #147); *see* Seventh Circuit Pattern Jury Instruction Nos. 2.02 & 2.03. Defendant offers nothing to suggest that the jury disregarded these instructions.

There was ample evidence from which the jury could infer that defendant acted willfully. First and foremost were the infomericals themselves. The jurors watched as defendant made his sales pitch, eagerly answering the "interviewer's" questions and excitedly recounting fantastic success stories, all while looking directly into the camera. (*See* Trial Stipulation #3.) Defendant's speech patterns, manner of delivery and eagerness to engage the audience, all suggest that he understood fully what he was doing. The same inference can be drawn from some of the parties' stipulations. In Trial Stipulation No. 6, the parties agreed that, shortly before the infomercials were filmed, defendant sold several assets to ITV, the company that produced and marketed the infomercials, in exchange for a promise to pay him $121 million. (*See* Trial Stipulation #6.) They also agreed that defendant "anticipated making money based on this stock purchase agreement in connection with the Weight Loss Cure book" but was not receiving payments from ITV when the

4

infomercials were filmed. (*See id.*) In Trial Stipulation No. 5, the parties agreed that defendant is entitled to 65% of the royalty payments from the retail sales of the book. (*See id.*) The jury could reasonably conclude from this evidence that defendant had a strong financial incentive to increase book sales, and thus to make the books irresistible in his infomercials. The book's cover references the infomercials with a label that states "As Seen on TV" thus inviting consumers to purchase the books based upon the defendant's infomercial representations. *See* Gov. Ex. 4. In short, the evidence amply supports the jury's conclusion that defendant's actions were willful.[1]

For all of the reasons set forth above, the defendant's motion for judgment of acquittal is denied.

**SO ORDERED.**                        **ENTERED: January 29, 2014**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

---

[1] The Seventh Circuit drew the same conclusion in the civil contempt case. After considering much of the same evidence, including the book and the infomercials, the court said that defendant "clearly misrepresented the book's content," "loaded" his infomercials with "statements that are patently false," "outright lied," made "blatant misrepresentations," and "repeatedly distorted" the content of the book. *FTC v. Trudeau*, 579 F.3d 754, 757-68 (7th Cir. 2009). While the Seventh Circuit did not specifically address whether defendant acted willfully, its conclusions support that finding; an outright lie is a willful act.

5